## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JEROME ROBERTS, TIMOTHY WIMBUSH, and TAQUAN WILLIAMS. | Crim. No. 19-134 (FLW) <br><br> **MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court upon a motion by defendant Jerome Roberts, in which defendant Timothy Wimbush joined, regarding the inclusion of lesser-included offense charges in the jury instructions; it appearing that the Government opposes the motion; the Court having denied the motion during a hearing on September 26, but having reserved the right to issue a written opinion; and the Court having reviewed the parties' submissions in connection with the motion, makes the following findings:

### BACKGROUND

1.  On February 27, 2020, Count One of a Third Superseding Indictment charged defendants Roberts and Wimbush, among others, with conspiracy to distribute or possess with intent to distribute one kilogram or more of a mixture or substance containing heroin, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A). As relevant here, Roberts was separately charged in Count Three with distribution and possession with intent to distribute 100 grams or more of a mixture or substance containing heroin in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B).

2.  In a motion filed by letter dated September 26, 2021, Roberts raised two issues related to the jury instructions. First, Roberts objected to the Government's request to charge lesser-

1

included offenses under Counts One and Three that correspond with lower quantities of heroin than were alleged in the Third Superseding Indictment, and Wimbush joined Roberts' objection with respect to the charge against him in Count One. Second, in the event that the Court overruled Roberts' first objection, Roberts requested that the Court declare a mistrial based on counsel's purported ineffectiveness in defending only against the quantities of heroin charged in Counts One and Three.

3.      After receiving briefing from the parties, ECF Nos. 656–57, I held a hearing on September 29, during which I overruled Roberts' objection to charging lesser-included offenses and denied his motion for a mistrial, but I reserved the right to issue a written decision on both issues, and I will do so here.

### ISSUE 1: LESSER-INCLUDED OFFENSES AND FAIR NOTICE

4.      The Government requested that the Court charge the jury on two lesser-included offenses: first, on 21 U.S.C. §841(b)(1)(B) and (C) as lesser-included offenses of section 841(b)(1)(A), which contains the penalty for conspiracy to distribute or possess with intent to distribute one kilogram or more of a mixture or substance containing heroin, as charged against Roberts and Wimbush in Count One of the Third Superseding Indictment; and second, on 21 U.S.C. §841(b)(1)(C) as a lesser-included offense of section 841(b)(1)(B), which contains the penalty for distribution or possession with intent to distribute 100 grams or more of a mixture or substance containing heroin, as charged against Roberts in Count Three of the Third Superseding Indictment.  Roberts objects to charging lesser-included offenses because both counts in the Indictment specify a particular quantity of heroin in characterizing the offense—one kilogram or more under Count One, and 100 grams or more under Count Three. As such, Roberts argues, he did not receive sufficient notice that he could be convicted for an amount less than that

specified in the Third Superseding Indictment.

5.  I begin by addressing whether lesser-included charges are warranted in these circumstances, and I then address whether the defendants were on notice of the lesser-included charges in Counts One and Three.

*Lesser-Included Offense Charges*

6.  In addressing this dispute, I begin with the text of the relevant statutes. Roberts and Wimbush are charged in Count One with violating 21 U.S.C. §846, which provides that "[a]ny person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." In this case, the offense underlying the conspiracy is a violation of 21 U.S.C. §841. Section 841 also contains the offense charged against Roberts in Count Three.

7.  Subsection 841(a) encompasses what the Third Circuit has described as "the core offense" under section 841. *United States v. Williams*, 974 F.3d 320, 363 (3d Cir. 2020). It provides, as relevant here, that it "shall be unlawful for any person knowingly or intentionally . . . to . . . distribute . . . or possess with intent to . . . distribute . . . a controlled substance." 21 U.S.C. §841(a)(1). Section 841(b) then provides various penalties that apply to a violation of section 841(a). As relevant here, the applicable penalties are: in the case of a violation of section 841(a) involving "1 kilogram or more of a mixture or substance containing a detectable amount of heroin," the defendant "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life," 21 U.S.C. §841(b)(1)(A); in the case of a violation of section 841(a) involving "100 grams or more of a mixture or substance containing a detectable amount of heroin," the defendant "shall be sentenced to a term of imprisonment which may not be less than 5 years and not more

than 40 years," 21 U.S.C. §841(b)(1)(B); and "[i]n the case of a controlled substance in schedule I or II . . . , except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years." 21 U.S.C. §841(b)(1)(C).

8.  Thus, as the Third Circuit explained, "a person who engages in drug trafficking violates § 841(a), and the penalty for that violation is to be determined according to § 841(b), which provides both a default penalty[ specified in section 841(b)(1)(C),] and heightened penalties based on certain additional factual findings." *Williams*, 974 F.3d at 363. The same breakdown applies to a conspiracy charge under section 846: "the 'offense' conspired is a violation of § 841(a), and the penalty for this distinct crime—conspiracy to violate § 841(a)—is provided in § 841(b)." *Id.*

9.  As applied to these statutory provisions, Rule 31 of the Federal Rules of Criminal Procedure and applicable precedents dictate that lesser-included offense instructions as to the charges in Counts One and Three are warranted. Rule 31 covers "Lesser Offense[s]" and provides that "[a] defendant may be found guilty of . . . an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c). Under Supreme Court precedent, "one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense." *Schmuck v. United States*, 489 U.S. 705, 716 (1989). Thus, "[w]here the lesser offense requires an element not required for the greater offense," the court may not provide a lesser-included offense instruction under Rule 31(c). *Id.*

10. In *United States v. Freeman*, the Third Circuit defined the elements of "the base offense" at issue in Counts One and Three, section 841(a), as: "'(1) knowing or intentional (2) possession (3) with intent to distribute (4) a controlled substance.'" 763 F.3d 322, 332 (3d

Cir. 2014) (quoting *United States v. Lacy*, 446 F.3d 448, 454 (3d Cir.2006)). *Freeman* went on to hold that these elements are a "subset" of those which the government must prove to sustain a conviction under section 841(b)(1)(A), *id.* at 333–34, which contains an additional element that specifies the drug quantity associated with a heightened penalty—here, "1 kilogram or more of a mixture or substance containing a detectable amount of heroin." Equally so, the elements of section 841(a) are a subset of those under section 841(b)(1)(B), which is applicable to violations involving possession with intent to distribute 100 grams or more. Thus, under *Freeman*, "§ 841(a)—possession with intent to distribute an *unspecified* quantity of [a] controlled substance—constitutes a lesser included offense of § 841(b)—possession with intent to distribute a *specified* quantity of a controlled substance." *Id.* at 334 (emphasis in original).

11. *Freeman* also clarified that even where, as is true here, a conspiracy count in the indictment specifies a particular quantity of a controlled substance as part of the agreement underlying the conspiracy, a conspiracy to distribute less than the specified quantity is still a lesser-included offense of the conspiracy to distribute the greater quantity. In *Freeman*, a count in the indictment charged the defendants, under 21 U.S.C. §846, with conspiracy to "possess with intent to distribute a controlled substance, namely five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine." *Id.* at 328. The district court rejected the defendants' request for "an instruction that the government must prove the existence of 'five or more kilograms of cocaine' as an essential element of" of the conspiracy count, instead instructing the jury that it must find only "a measurable amount of the controlled substance alleged." *Id.* at 329, 332. On appeal, the Third Circuit affirmed because, for the reasons I just discussed, it concluded that "possession with intent to distribute an *unspecified* quantity of controlled substance"

under section 841(a) "constitutes a lesser included offense of . . . possession with intent to distribute a *specified* quantity of a controlled substance" under section 841(b).

12. The Third Circuit reached a similar conclusion in *Williams*. There, the defendants contended that drug quantity is a *mens rea* element under section 846 that the government must prove separately to a jury. 974 F.3d at 362. The Third Circuit rejected this argument because drug quantity is not an element of "the core offense" in section 841(a) and therefore is not part of the requisite *mens rea*. *See id.* And, "[f]or the same reason . . . that drug quantity is not a *mens rea* element under § 841(a), it is not one under § 846." *Id.* at 363–64. Thus, as *Williams* confirms, the Government need not prove that the defendant conspired to distribute a particular quantity of a controlled substance in order to convict the defendant under section 846.[1]

*Fair Notice and Constructive Amendment*

13. Roberts and Wimbush also contend that, because Counts One and Three specify a particular quantity of heroin, they were not on notice that they could be convicted of a lesser-included offense associated with a smaller, or unspecified, amount of the same controlled substance. Here, again, Third Circuit precedent forecloses their argument.

14. In *Freeman*, the Third Circuit explained that "[a] lesser included offense instruction would be improper . . . 'where the [potential lesser included offense] requires an element not required for the greater offense.'" 764 F.3d at 332 (quoting *Lacy*, 446 F.3d at 452). The purpose of "[s]uch a rule," *Freeman* elaborated, is to "protect[] defendants' 'rights

---

[1] This approach is also consistent with the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013). Those decisions require a jury to find the specific quantities associated with a particular penalty under section 841(b), but they do not require the government to prove a specific quantity in order for the defendants to be guilty of "the core offense" under section 841(a). *See Williams*, 974 F.3d at 363.

by ensuring that they have constitutionally sufficient notice that they face conviction on all lesser included offenses.'" *Id.* (quoting *Lacy*, 446 F.3d at 452). But where, as in *Freeman*, the court is authorized to instruct the jury on a lesser-included offense under Rule 31, an indictment charging a greater offense provides sufficient notice to the defendant that he is subject to the lesser-included offenses as well. *See id.* (citing with approval *Walker v. United States*, 418 F.2d 1116, 1119 (D.C. Cir. 1969) (noting that an indictment is sufficient notice to a defendant that he may be called to defend a lesser included charge)). The Third Circuit made a similar point in *United States v. McGill*, noting that although "the lesser offense was not included in the indictment" at issue in that case, "Defense counsel is charged . . . with notice that such a charge is permitted under Fed. R. Crim. P. 31(c)." 964 F.2d 222, 240 (3d Cir. 1992); *see also United States v. Brewster*, 506 F.2d 62, 74 (D.C. Cir. 1974) ("So far as a requirement of notice to [the] defendant [] that at trial he would have to meet [a lesser-included offense charge], we observe that any trial counsel is always on notice of Fed.R.Crim.P. 31(c), permitting an instruction to the jury and conviction on a lesser included offense, even though not specifically charged in the indictment."). Based on these precedents, Roberts' fair notice argument fails.

15. As a corollary to this fair notice objection, Roberts contends that instructing the jury on lesser-included offenses would constructively amend the indictment, which would constitute "a *per se* violation of the fifth amendment's grand jury clause." *United States v. Castro,* 776 F.2d 1118, 1121–22 (3d Cir. 1985). The Third Circuit has explained that "[a]n indictment is constructively amended when evidence, arguments, or the district court's jury instructions effectively 'amend[s] the indictment by broadening the possible bases for conviction from that which appeared in the indictment.'" *United States v.*

*McKee*, 506 F.3d 225, 229 (3d Cir. 2007) (quoting *United States v. Lee*, 359 F.3d 194, 208 (3d Cir. 2004)).

16.     Here again, Roberts' constructive amendment argument is not tenable. In *United States v. Taylor*, 816 F.3d 12 (2d Cir. 2016), the Second Circuit rejected a constructive amendment argument that is nearly identical to the one Roberts raises. In *Taylor*, the indictment charged the defendant with conspiracy "to distribute five kilograms or more of a mixture or substance containing cocaine," in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A), and 846. *Id.* at 16. The district court instructed the jury regarding the basic elements of the conspiracy count, without reference to drug quantity, and then provided special interrogatories pertaining to drug quantity for the jury to answer if it found that the government proved the elements of conspiracy. *Id.* at 16–17. The jury then convicted the defendant on the conspiracy charge and, in response to the interrogatories, determined the quantity of cocaine to be only 500 grams or more—not the five kilograms specified in the indictment. *Id.* at 17. On appeal, the defendant argued that his "conviction based on an amount of cocaine less than that charged in the indictment constituted an unlawful constructive amendment of the indictment." *Id.* The Second Circuit rejected this argument under Rule 31(c), because it found that the district court properly instructed the jury on the lesser-included offense under section 841(b)(1)(B) associated with the distribution of 500 grams or more of a substance containing cocaine. *Id.* at 19.

17.     Similarly, no constructive amendment occurred, here. Counts One and Three specify one kilogram and 100 grams, respectively, of a substance containing heroin, which fall under sections 841(b)(1)(A) and (b)(1)(B). But, similar to *Taylor*, the Court has properly instructed the jury on the lesser-included offenses pertaining to lower quantities under each count, which fall under sections 841(b)(1)(B) and 841(b)(1)(C), respectively.

**ISSUE 2: MISTRIAL**

18.   If the Court rejects his objection to charging lesser-included offenses, Roberts requests

that the Court declare a mistrial based both on the asserted constructive amendment and,

alternatively, based on counsel's ostensible ineffectiveness in failing to defend against the

lesser-included offense charges. ECF No. 656 at 4–5. Because instructing the jury on

lesser-included offenses will not constructively amend the indictment, that is not a basis

for a mistrial.

19.   Counsel's purported ineffectiveness is also not a sufficient basis for declaring a mistrial,

either. In discussing "why it is preferable that [ineffective assistance of counsel] claims

be considered on collateral review rather than on direct appeal," the Third Circuit

explained that on direct appeal, "'counsel and the court must proceed on a trial record not

developed precisely for the object of litigating or preserving the claim.'" *United States v.*

*Thornton*, 327 F.3d 268, 271–72 (3d Cir. 2003) (quoting *Massaro v. United States*, 538

U.S. 500, 505 (2003)). The same logic applies with equal force during a trial. *Thornton*

did recognize that courts "may address the claim of ineffective assistance of counsel on

direct appeal when the record is sufficient to allow determination of the issue," *id.* at 271,

suggesting that the same rule could also apply, in the rare case, at trial. But the only

argument supporting an ineffective assistance of counsel claim before the Court, now, is

counsel's self-professed ineffectiveness "in the event" that I reject his legal argument

challenging the lesser-included offense charges. *See* ECF No. 656 at 6. Ordinarily,

"[b]ecause the standard [governing counsel's effectiveness under *Strickland v.*

*Washington*, 466 U.S. 668 (1984),] is an objective one, that trial counsel . . . admits that

his performance was deficient matters little." *Chandler v. United States*, 218 F.3d 1305,

1315 n.16 (11th Cir. 2000). That is particularly true where counsel's admission of

ineffectiveness is merely conditional, as is the case, here. Moreover, my decision to reject counsel's legal argument pertaining to charging lesser-included offenses does not necessarily mean that his assistance was ineffective.  In any event, the record here is ill-suited to reviewing an ineffective assistance of counsel claim.

20.    Furthermore, even if counsel's performance ultimately amounts to ineffectiveness under *Strickland*, it is not clear, at this stage, whether Roberts will be prejudiced by his counsel's performance. For example, if the jury convicts Roberts under Count One of conspiracy to distribute one kilogram or more of a substance containing heroin, it is unclear whether counsel's purported strategy of convincing the jury that Roberts only conspired to distribute a lesser amount would have prejudiced his defense. Accordingly, the proper procedure in these circumstances is for the defendant to file a collateral motion pursuant to 28 U.S.C. § 2255, asserting an ineffective assistance of counsel claim following the trial, if indeed such a claim is warranted at that time. For these reasons, Roberts' request for a mistrial is denied.

Accordingly, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 7th day of October, 2021,

**ORDERED** that defendants Roberts and Wimbush's challenge to charging the jury on lesser-included offenses in Counts One and Three of the Third Superseding Indictment is **DENIED**, and Roberts' motion for a mistrial is **DENIED**.


/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge